# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **KAREEM SANTIEZ SMITH,** | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 5:15-14052 |
| | ) |
| **JOE COAKLEY, Warden,** *et al.*, | ) |
| | ) |
| Respondents. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document Nos. 1, 7, and 8.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Section 2241 Petition be dismissed.

## FACT AND PROCEDURE

On October 15, 2015, Petitioner filed his instant Section 2241 Petition and Memorandum in Support. (Document No. 1.) In his Petition, Petitioner argues that he is "factually innocent" of

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

his conviction in the Superior Court of the District of Columbia. (Id.) Petitioner explains that "on June 15, 1997, [he] was arrested and charged with two separate charges for first-degree murder while armed in violation of D.C. Code § 22-2401 and 3202." (Id., p. 5.) Petitioner states that on August 7, 1997, the Court granted the Government's motion to dismiss the Criminal Complaint charging him with first-degree murder while armed involving the death of Wayne Howell (Case No. F-4922-97). (Id.) Petitioner contends that following a jury trial, he was acquitted of the remaining charge of first-degree murder while armed (Case No. F-4921-97). (Id.) Petitioner complains that after his acquittal in Case No. F-4921-97, a four count Indictment was returned against him involving the death of Wayne Howell. (Id.) Specifically, Petitioner alleges that on June 15, 1999, the grand jury returned a four count Indictment charging Petitioner with one count of first-degree premediated murder while armed in violation of D.C. Code § 22-2401 and 3201 (Count One); one count of assault with intent to kill while armed in violation of D.C. Code § 22-501 and 3202 (Count Two); one count of possession of a firearm during a crime of violence in violation of D.C. Code § 22-3204 (Count Three); and one count of carrying a pistol without a license in violation of D.C. Code § 22-3204 (Count Four). (Id.) Petitioner alleges that "there was a hung jury" as to Count One and he was convicted of Count Two. (Id., p. 6.) Petitioner states that a second trial commenced in November 2000, concerning the charge of first-degree premediated murder while armed (Count One), and there was once again a hung jury. (Id.) Petitioner explains that he subsequently plead guilty to possession of a firearm during a crime of violence in violation of D.C. Code § 22-3204 in exchange for the dismissal of the first-degree premediated murder charge. (Id.) Petitioner complains that he "accepted the plea with stipulation from his attorney who told Petitioner that he would receive only five years if the accepted the plea." (Id.) Petitioner

2

complains that "he was sentenced on August 28, 2000, to not less than fifteen (15) years and not more than forty-five (45) years in prison for the assault with intent to kill while armed (knife), for supposedly stabbing Wayne Howell." (Id.) Petitioner states that "[f]or the acceptance of the plea, Petitioner did not receive five (5) years as he was promised by his attorney." (Id.) Petitioner states that he was sentenced to "five (5) to fifteen (15) years in prison to run consecutive to the fifteen (15) to forty-five (45) year sentence for the assault." (Id., p. 7.)

Petitioner alleges that he is entitled to relief under Section 2241 pursuant to the savings clause. (Id., pp. 8 – 10.) Petitioner alleges that he is actually innocent of his conviction based upon the stabbing of Mr. Howell. (Id., p. 10.) Petitioner contends that the prosecutor knowingly presented perjured testimony as evidence that Petitioner stabbed Mr. Howell. (Id.) Petitioner states that "no juror acting reasonably would have voted to find this Petitioner guilty beyond a reasonable doubt." (Id., p. 11.) Petitioner argues that the prosecutor engaged in "misconduct and used intentional trickery that led the jury into believing that Mr. Wayne Howell was actually stabbed by Petitioner." (Id., pp. 11 and 16. – 22, 27 – 30) Petitioner contends that he was convicted of a "non-existent offense" because there was no credible evidence that Mr. Howell was stabbed. (Id., pp. 11 and 15 – 16.) Next, Petitioner states that he was subjected to ineffective assistance of counsel. (Id., pp. 10 - 12.) First, Petitioner alleges that counsel was ineffective in allowing him to be convicted of stabbing Mr. Howell.[2] (Id., pp. 10 – 12, 30 – 35.) Second, Petitioner alleges that

---

[2] To the extent Petitioner may be alleging ineffective assistance of appellate counsel, the undersigned will briefly address his claim. Although claims of ineffective assistance of appellate counsel cannot be heard pursuant to D.C. Code § 23-110, an inmate may raise such a claim in a motion to recall the mandate in the District of Columbia Court of Appeals. *See Streater v. United States*, 429 A.2d 173 (D.C. Cir. 1980); *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. Cir. 1987). It is well recognized that the availability of a motion to recall the mandate is itself sufficient to make the local remedy adequate and effective. *Reyes v. Rios*, 432 F.Supp.2d 1, 3 – 4 (D.C. Cir. 2006). The mere fact that the Court of Appeals denies such a motion to recall the mandate does

counsel was ineffective in advising him as to his sentencing exposure. (Id., pp. 10 – 12.) Accordingly, Petitioner requests that this Court "remand or dismiss his unlawful conviction." (Id., p. 39.)

As Exhibits, Petitioner attaches the following: (1) A copy of the Autopsy Report for Wayne Eugene Howell (Document No. 1-1, pp. 3 – 16, 17 - 28.); (2) A copy of pertinent pages from the trial transcripts (Document No. 1-1, pp. 16, 22, 24 – 28, Document No. 1-2, pp. 1 – 15, and Document No. 1-3, pp. 2 - 3.); (3) A copy of page 1 of the "Government's Memorandum in Aid of Sentencing" as filed in the Superior Court of the District of Columbia in Case Nos. F-4922-97 and F-4920-97 (Document No. 1-1, p. 18.); (4) A copy of the Memorandum Opinion and Judgment as filed in the District of Columbia Court of Appeals in Smith v. United States, Case No. F-4922-97 (Id., pp. 19 – 21.); (5) A copy of a letter from Dujuane Hurst dated June 13, 2001 (Document No. 1-2, p. 16.); (6) A copy of an Order denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to D.C. Code § 23-110" as filed in the Superior Court of the District of Columbia on February 24, 2010 (Id., pp. 30 – 32 and Document No. 1-3, pp. 4 - 5.); (7) A copy of an Order denying Petitioner's Motion to Recall the Mandate as filed in the District of Columbia Court of Appeals on January 31, 2013 (Document No. 1-3, p. 1.); (8) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., pp. 7 – 8.); (9) A copy of Petitioner's "Request for Administrative Remedy Informal Resolution Form" claiming that he is "unlawfully incarcerated for the charge offense of assault with intention to kill while armed (knife)" (Id., p. 9.); (10) A copy of Warden Joe Coakley's Response dated March 10, 2015 (Id., p. 10.); (11) A copy of Petitioner's "Request for Administrative Remedy" dated March 2, 2015 (Id., p. 11.); (12) A

---

not render the local remedy ineffective. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).

copy of the "Regional Administrative Remedy Appeal" dated March 18, 2015 (Id., p. 12.); (13) A copy of Regional Director J.F. Caraway's Response (Id., p. 13.); (14) A copy of the Receipt of Administrative Remedy dated March 31, 2015, from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office (Id., p. 14.); (15) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated May 14, 2015 (Id., pp. 15 - 16.); (16) A copy of an "Extension of Time for Response" dated June 22, 2015, from the Administrative Remedy Coordinator at the Central Office (Id., p. 17.); (18) A copy of the Receipt of Administrative Remedy dated June 22, 2015, from the Administrative Remedy Coordinator at the Central Regional Office (Id., p. 18.); (19) A copy of Petitioner's "Sentence Monitoring Computation Data as of 05-30-2012" (Id., p. 19.); (20) A copy of the "District of Columbia Department of Corrections Face Sheet No. 2" (Id., p. 20.); and (21) A copy of Petitioner's Indictment containing Counts Two through Four (Id., p. 22.).

On June 3, 2016, Petitioner filed a letter-form supplement to his Section 2241 Petition citing Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Document No. 7.) Petitioner continues to argue that he has "been unconstitutionally charged and convicted for a non-existent offense of an assault with intent to kill while armed for stabbing a person several times in the back with a knife." (Id.) Petitioner argues that the alleged victim "was not stabbed at all," which is confirmed by the Autopsy Report and the medical examiner's testimony. (Id.) Petitioner, therefore, argues that he was wrongfully convicted. (Id.) Next, Petitioner argues that he "plead guilty to possessing the firearm that was connected with the murder, a murder in which [he] was not convicted of." (Id.) Accordingly, Petitioner argues that he is entitled to relief under Johnson because he "was sentenced for a possession of a firearm during a crime of violence for a

gun that the government said was used in connection with a murder." (Id.)

On June 30, 2016, Petitioner filed a letter in support of his Section 2241 Petition. (Document No. 8.) Petitioner continues to argue that he is "actually and factually innocent of having stabbed anyone." (Id.) Petitioner requests that the Court review the record, which is "proof of [Petitioner] being 'actually' and 'factually innocent' of having stabbed anyone as the Government throughout the proceedings of the case had claim [Petitioner] did." (Id.)

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2254 was specifically created by Congress "as the method for state prisoners to overturn or attack their state court convictions." See Sabb v. South Carolina, 2008 WL 701387 (D.S.C. March 13, 2008)(citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). For convictions obtained in the Superior Court of the District of Columbia, the District of Columbia Court Reform and Criminal Procedure Act of 1970 provides unique procedures for collateral review. See Swain v. Pressley, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977)(confirming the validity of Section

6

23-110). Specifically, persons wishing to challenge their conviction or sentence obtained in the Superior Court of the District of Columbia should filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to D.C. Code § 23-110. The post-conviction procedures set forth in D.C. Code § 23-110 is directly analogous to Section 2255 for federal prisoners and Section 2254 for state prisoners.[3] Nearly identical to Section 2255(e), Section 23-110(g) sets forth a "saving clause" stating as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entered by the Superior Court or by any Federal or State court if it appears that the application has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g); also see 28 U.S.C. § 2255(e). Thus, a court may not entertain a Section 2241 petition attempting to invalidate a sentence or conviction imposed under the laws of the District of Columbia unless a motion pursuant to D.C. Code § 23-110 is "inadequate or ineffective to test the legality of detention." See Whitlow v. Tripp, 587 Fed.Appx. 74 (4th Cir. 2011)("Because [petitioner] is in custody pursuant to a sentence imposed by the Superior Court of the District of Columbia, the district court may not entertain [petitioner's] § 2241 petition if he has failed to exhaust the remedy provided by D.C. Code § 23-110 or has been denied § 23-110 relief by the Superior Court, unless it appears that a § 23-110 motion would be inadequate or ineffective to test the legality of his detention.") The District of Columbia Court of Appeals has recognized that Section 23-110 "is nearly identical and functionally equivalent to [28 U.S.C.] § 2255," and courts may properly "rely on cases construing the federal rule" when applying and interpreting Section

---

[3] Similar to Sections 2254 and 2255, Section 23-110(e) provides that the "court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoners."

7

23-110. Butler v. United States, 388 A.2d 883, 886 n. 5 (D.C. Cir. 1978).

The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). Furthermore, the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added)."); Boynes v. Berkebile, 2012 WL 1569563, *6 (S.D.W.Va. May 1, 2012)(J. Berger)( "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his

8

conviction or sentence under Section 2241."). Accordingly, the Court finds it appropriate to apply the foregoing law in determining whether Section 23-110 is inadequate or ineffective as to allow this Court to entertain Petitioner's instant claim under Section 2241. See Washington v. O'Brien, 2009 WL 1298348, * 1 (W.D.Va. May 7, 2009)(finding it appropriate to apply the standard for determining Section 2255 to be inadequate or ineffective when determining whether Section 23-110 is inadequate and ineffective as to allowed the court to entertain a Section 2241 Petition).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 23-110 was inadequate or ineffective such that he could resort to Section 2241. The undersigned finds that Petitioner's challenge to the validity of his conviction based upon Johnson and his allegation of actual innocence does not meet the requirements of the saving clause. First, Petitioner's reliance on Johnson is misplaced. In Johnson, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016). In the instant case, however, the record reveals that Petitioner was not sentenced under the ACCA. Petitioner was convicted and sentenced under the D.C. Code and there is no indication that any provision of the D.C. Code has been determined to be unconstitutionally vague based upon Johnson. Accordingly,

9

Petitioner's claim based upon Johnson is without merit.

Next, the undersigned will consider Petitioner's claim of actual innocence. The record reveals that Petitioner does not allege an intervening change in law that establishes his actual innocence. Petitioner merely argues that he is actually innocent because the evidence was inadequate to support his conviction. Section 23-110 is not inadequate or ineffective merely because the requested relief has been denied. Wilson v. Office of the Chairperson, 892 F.Supp. 277, 280 (D.C. Cir. 1995)(citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986). Additionally, Section 23-110 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 23-110. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 23-110 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1, 7, and 8) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this

Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 4, 2016.

Omar J. Aboulhosn
United States Magistrate Judge