IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KAREEM SANTIEZ SMITH,

        Petitioner,

v.                                CIVIL ACTION NO. 5:15-cv-14052

WARDEN JOE COAKLEY, et al.,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document 1) and the *Memorandum of Law in Support* which was included and filed as the same document. By *Standing Order* (Document 4), this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. §636. Due to the retirement of Magistrate Judge VanDervort, by the Court's *Order* (Document 6) filed on January 6, 2016, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. §636.

On August 4, 2016, Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 9). The Magistrate Judge recommended that this Court dismiss the Petitioner's 28 U.S.C. § 2241 petition and remove this matter from the Court's docket. The Petitioner submitted his *Petition of Objections to Magistrate Court Proposed Findings and*

*Recommendation* (Document 11) on August 25, 2016. For the reasons stated herein, the Court finds that the Magistrate Judge's *Proposed Findings and Recommendation* should be adopted and the Petitioner's *Objections* overruled.

## FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in detail the procedural and factual history surrounding the Petitioner's motion. The Court now incorporates by reference those facts and procedural history, but provides the following summary for context for the ruling herein.

The Petitioner, Mr. Smith, alleges that on June 15, 1997, he was arrested in the District of Columbia on two separate charges of first-degree murder. The Petitioner alleges that the Government later dismissed those two charges and subsequently indicted him in a four-count indictment involving the same allegations of murder. He specifically claims that the four-count indictment charged him with first-degree premeditated murder while armed, in violation of D.C. Code § 22-2401 and 3201 (Count One); assault with intent to kill while armed, in violation of D.C. Code § 22-501 and 3202 (Count Two); possession of a firearm during a crime of violence, in violation of D.C. Code § 22-3204 (Count Three); and carrying a pistol without a license, in violation of D.C. Code § 22-3204 (Count Four). The Petitioner claims that after a trial, a jury convicted him of assault with intent to kill while armed, but that the jury was hung as to the first-degree premeditated murder count. The Petitioner does not elaborate on Counts Three and Four, the remaining two counts in the indictment.

The Petitioner alleges that a second trial commenced in November of 2000 on the first-degree murder charge, and that there was once again a hung jury. After this second trial, the prosecution offered the Petitioner a plea agreement wherein the first-degree murder charge would

2

be dismissed if he agreed to plead guilty to possession of a firearm during a crime of violence. The Petitioner accepted this plea agreement and was sentenced to not less than fifteen (15) years and not more than forty-five (45) years on the assault with intent to kill while armed conviction, and a consecutive five (5) to fifteen (15) years for possession of a firearm during a crime of violence.

On October 15, 2015, the Petitioner filed his *Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document 1) and memorandum of law in support. He alleges that he is entitled to relief under Section 2241 because he is actually innocent of the crime of assault with intent to kill while armed. The Petitioner claims that the assault with intent to kill charge was based on allegations that he attempted to stab the victim with a knife, but that the victim did not die of stab wounds, and the Petitioner therefore cannot be guilty. He relies on the victim's autopsy report, and points out that the report states the victim's cause of death was gunshot wounds. The Petitioner alleges that the prosecutor engaged in misconduct in the form of presenting perjured testimony and using trickery to make the jury believe the Petitioner was guilty. The Petitioner also seeks relief on the grounds of ineffective assistance of counsel, arguing that his counsel was ineffective in allowing him to be convicted of assault with intent to kill while armed and for wrongly advising him of his sentence exposure. On June 3, 2016, the Petitioner filed a *Letter-Form Motion* (Document 7), further requesting relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), alleging that the Supreme Court's decision in *Johnson* entitles him to relief because he pled guilty to and was sentenced for possession of a firearm during a crime of violence.

Magistrate Judge Aboulhosn issued a PF&R on August 4, 2016. Therein, Magistrate Judge Aboulhosn found that the Petitioner's claims under Section 2241 should be dismissed based on the

procedural bar to Section 2241 petitions. First, the Magistrate Judge found that the Petitioner's claim under *Johnson* is without merit because the Petitioner was not sentenced under the Armed Career Criminal Act (ACCA), but rather the D.C. Code, and *Johnson* did not apply to any provision of the D.C. Code. Further, the Magistrate Judge found that the Petitioner did not allege an intervening change in the law that establishes his actual innocence in a manner that would make his D.C. Code § 23-110 motion inadequate or ineffective, but merely argues that there was not adequate evidence to support his assault conviction. Thus, the Magistrate Judge found that the petition should be denied. The Petitioner filed his *Petition of Objections to Magistrate Court Proposed Findings and Recommendation* on August 25, 2016.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's proposed findings and recommendations for a prisoner's Section 2241 motion, this Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that the Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

4

**APPLICABLE LAW**

Section 2241 of the United States Code provides a general grant of habeas corpus authority. *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2004).  Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention.  28 U.S.C. § 2255.  However, Section 2255(e) contains a savings clause which allows a district court to consider a habeas petition brought by a federal prisoner under Section 2241 where Section 2255 is "inadequate or ineffective to test the legality" of the detention.  28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008).  A district court will only have jurisdiction over a Section 2241 petition if the petitioner is confined in that district.  *Poole*, 531 F.3d at 270, citing *In re Jones*, 226 F.3d at 333-34.  At the time the Petitioner filed his Section 2241 motion, he was incarcerated at FCI-Beckley within the territorial jurisdiction of this Court.

In the Fourth Circuit, a Section 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269, quoting *In re Jones*, 226 F.3d at 333-34.  When a defendant is convicted in the Superior Court of the District of Columbia, D.C. Code § 23-110 provides a procedure for collateral review of the defendant's conviction, and this procedure "is comparable to that authorized by 28 U.S.C. § 2255 for the United States District Courts."  *Swain v. Pressley*, 430 U.S. 372, 375 (1977).  Pursuant to D.C. Code § 23-110, a defendant must file a Motion to Vacate, Set Aside, or Correct the Sentence with the Superior Court of the District of Columbia that

5

sentenced him before the defendant can properly seek habeas relief from a federal district court. If the defendant has not sought such relief, a Section 2241 petition cannot be entertained by a federal district court unless relief under D.C. Code § 23-110 is found to be inadequate or ineffective to test the legality of detention. *Whitlow v. Tripp*, 587 Fed.Appx. 74 (4th Cir. 2011). Further, the fact that relief under a Section 2255 motion [and therefore a 23-110 motion] has been denied or is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

## DISCUSSION

The Petitioner's only objection to the Magistrate Judge's PF&R is that he is actually innocent and that his claim, therefore, should be considered regardless of the procedural bar to Section 2241. The Petitioner argues that he has submitted sufficient evidence to prove that he is innocent of the charge of assault with intent to kill, such that, if that evidence was viewed by a jury, "there is a reasonable probability that the jury would not have rendered a verdict of guilty" for assault with the intent to kill while armed. (Pet.'s Obj. at 5). The Petitioner maintains that he was convicted of the assault with intent to kill while armed charge because the prosecution stated that he stabbed the victim, when he in fact did not stab the victim. The Petitioner claims that the autopsy report proves that the victim was not stabbed, and that if this evidence had been presented at trial, no reasonable juror would have voted for a guilty verdict.

As an initial matter, the Court agrees with the finding of Magistrate Judge Aboulhosn that *Johnson v. United States* is not applicable to the Petitioner's case because the Petitioner was not sentenced under the ACCA. In *Johnson*, the Supreme Court of the United States concluded that

the so-called "residual clause" of the ACCA[1] was unconstitutionally vague, and that to impose an increased sentence on a criminal defendant under that language violates the Constitutional guarantee of due process. *Johnson*, 135 S.Ct. at 2556-2563. Further, in *Welch v. United States*, the Supreme Court of the United States held that the ruling in *Johnson* created a new substantive rule that applied retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). Here, however, the Petitioner was not subject to an increased sentence under the ACCA, and the ACCA's residual clause language does not apply to him. The Petitioner was sentenced based on a trial conviction and a guilty plea under the D.C. Code, and the code language under which he was sentenced is not analogous to the ACCA. Further, nowhere does the Petitioner indicate that he was subject to an increased sentence based on prior convictions, the heart of the *Johnson* court's ruling. Thus, the *Johnson* and *Welch* decisions do not apply to the Petitioner, and therefore, his *Johnson* claim should be dismissed.

Further, even if the Petitioner's claim for relief was properly characterized, the Court agrees with the Magistrate Judge that his claim of actual innocence is not sufficient to overcome the procedural bar to Section 2241 claims. As stated above, in order to properly seek relief under Section 2241, the Petitioner must prove that his D.C. Code § 23-110 post-trial motion was inadequate or ineffective to test the legality of his detention. However, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). To satisfy this standard, "the

---

[1] Part of 18 U.S.C § 924(e)(2)(B), the "residual clause" as italicized here defines a violent felony and states "any crime punishable by imprisonment for a term of exceeding one year . . . that . . .is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

7

habeas petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To establish the requisite probability under the actual innocence exception, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* Moreover, the Petitioner must satisfy this burden with "new reliable evidence that was not presented at trial" and "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327.

Here, the Petitioner has presented no evidence that subsequent to his Section 23-110 motion, the substantive law has changed such that the conduct of which he was convicted is no longer illegal. Further, the Petitioner has not brought forward any new evidence to show that it is more likely than not that no reasonable juror would have convicted him. The Petitioner's reliance on the autopsy report of the victim does not satisfy the required burden because the victim need not have been killed with a knife for the Petitioner to be found guilty of assault with intent to kill while armed. "To prove assault with intent to kill while armed, the government must prove beyond a reasonable doubt that the accused: (1) made an assault on the complainant; and (2) did so with the specific intent to kill the complainant; (3) while armed." *Riddick v. United States*, 806 A.2d 631, 639 (D.C. 2002). The Petitioner's evidence that the victim in the underlying crime did not die of stab wounds is grossly insufficient. The government was not required to prove that the victim died of stab wounds. Even if the jury in the Petitioner's criminal trial did not see the autopsy report, the fact that the victim did not die of stab wounds does not satisfy the probability standard required by *Schlup. Id.* Therefore, the Court finds that the Petitioner's objection of actual innocence lacks merit, and that the Magistrate Judge's PF&R should be adopted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 9) be **ADOPTED**, that the Petitioner's *Petition of Objections to Magistrate Court Proposed Findings and Recommendation* (Document 11) be **OVERRULED**, and that the *Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document 1) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 13, 2017

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA